

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2007

# Bishop v. GNC Franchising LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bishop v. GNC Franchising LLC" (2007). *2007 Decisions.* Paper 549.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/549

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2302

HAROLD E. BISHOP; PATRICIA BISHOP;
ALTERNATIVE HEALTH, INC.,

Appellants

v.

GNC FRANCHISING LLC; GENERAL NUTRITION CORPORATION;
GENERAL NUTRITION DISTRIBUTION CORP; APOLLO MANAGEMENT LP

On Appeal for the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00827)
District Judge:   Hon. Arthur J. Schwab

Submitted under Third Circuit LAR 34.1(a)
on May 16, 2007

Before:   FISHER, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed:  August 23, 2007)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

This action arises out of a franchise relationship between the appellants, Harold and Patricia Bishop and their company Alternative Health, and the appellees, GNC Franchising LLC, GNC Nutrition Corporation, and General Nutrition Distribution, LP (collectively "GNC"). In November 1997, the Bishops entered into two franchise agreements with GNC to operate two GNC stores in Indiana.

Both of the agreements contained a choice of law provision, providing that the agreements "shall be interpreted and construed under the laws of the Commonwealth of Pennsylvania." The Bishops developed problems in paying their requisite franchise fees. In September 2005, GNC mailed them a Notice of Termination of the franchise agreements for the two stores. Prior to this mailing, on June 17, 2005, the Bishops filed a complaint against GNC. An amended complaint was filed on September 23, 2005. In it, the Bishops alleged sixteen counts against GNC, including breach of contract, violations of several Indiana statutes, fraud, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, predatory pricing, violations of the Robinson-Patman Act and Sherman Act, and breach of fiduciary duty. In response, GNC filed a motion to dismiss the complaint.

On December 1, 2005, the District Court dismissed all but the Bishops' breach of contract claim. After a bench trial, the District Court entered judgment in favor of GNC on the breach of contract claim. The Bishops then appealed the District Court's order granting GNC's motion to dismiss. The Bishops contend on appeal that (1) the District Court incorrectly applied the choice of Pennsylvania law contract provision to dismiss the Bishops'

2

Indiana state law claims, (2) Pennsylvania's gist of the action doctrine was not applied appropriately, and (3) the District Court erroneously dismissed the Bishops' claim for breach of duty of good faith and fair dealing

The District Court had jurisdiction over this diversity case pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

On an appeal of the District Court's ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, we exercise plenary review. *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1394 (3d Cir. 1991). In reviewing a motion under Rule 12(b)(6), the court must view all the allegations in the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, a court may grant a motion to dismiss under Rule 12(b)(6) if there is a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 326-27 (1989).

## I. **DISCUSSION**

The Bishops claim that the choice of Pennsylvania law provision in the franchise agreements should not apply because it violates Indiana public policy. The Bishops did not, however, identify in the District Court the Indiana public policy that was violated. They made only vague and generalized assertions. Having failed to assert their public policy arguments in the District Court, the Bishops may not do so before this Court. *See Medical Protective Co. v. Watkins*, 198 F. 3d 100, 105-06 n.3 (3d Cir. 1999).

The Bishops next claim that they were duped into a contractual agreement through fraud and misrepresentation. The District Court held that this claim was barred by the gist

of the action doctrine. This doctrine is recognized by the Pennsylvania courts and serves to preserve the conceptual distinction between breach of contract claims and tort claims. *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). The gist of the action doctrine precludes one from pursuing a tort action for the breach of contractual duties. *See Am. Guarantee and Liability Ins. Co. v. Fojanini*, 90 F. Supp. 2d 615 (E.D. Pa. 2000).

The contractual duties that the Bishops claim GNC breached are the same ones that form their fraud and negligent misrepresentation claims, as was pointed out by the District Court. For example, in their allegations of fraud and negligent misrepresentation, the Bishops claim that GNC "misleadingly suggest[ed] that the franchisees [would] be free to purchase from third-parties, never disclosing the arbitrary restrictions and capricious rejections of third party product[s]." In their breach of contract claim, they allege that GNC "impos[ed] unreasonable and arbitrary direct purchasing requirements on franchisees." However, once GNC has been found *not* to have breached the contractual purchasing requirements, it *cannot* otherwise be found to have committed fraud or negligent misrepresentation regarding those same requirements. Correctly applied to this case, the gist of the action doctrine prevents such a paradox from occurring.

Finally, the District Court dismissed the Bishop's good faith claim because the court concluded that under Pennsylvania law "the implied covenant of good faith . . . cannot modify or override express contractual terms." We agree with this conclusion. *See Witmer v. Exxon Corp.*, 343 A.2d 1222, 1226-27 (Pa. 1981). To the extent that the Bishops are arguing that an implied covenant of good faith overrides contractual terms, such an override

4

has not been recognized by the Pennsylvania courts except in the context of franchise terminations. *See Atlantic Richfiled Co. v. Razumic*, 390 A.2d 736, 742 (Pa. 1978) (holding that franchisors have a duty to act in good faith and with commercial reasonableness when terminating franchise agreements).

Moreover, the unconscionable actions that constitute the Bishops' allegations of bad faith appear to be (1) using unconscionable provisions in the franchise agreement, (2) imposing unreasonable and arbitrary direct purchasing requirements; (3) implementing policies that postured their corporate stores for profit at the expense of the franchisees, and (4) imposing unreasonable reset expenses. However, these issues were resolved in the bench trial on the Bishops' breach of contract claim. Once the question whether GNC breached the agreements is resolved, the question of good faith is also resolved.

## II. CONCLUSION

For the reasons set forth above, we will affirm the District Court's December 1, 2005, order dismissing claims under Rule 12 (b)(6).

5